**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sabina Carol Francois, | No. CV-21-00071-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| United States Citizenship and Immigration Services, et al., | |
| Respondents. | |

Pending before the Court is Plaintiff Sabina Carol Francois's Motion to Alter or Amend. (Doc. 22). Plaintiff filed her Motion in response to this Court's September 21, 2021, Order staying this case pending removal proceedings. (Doc. 21). The Motion has been fully briefed, (Doc. 22; Doc. 23; Doc. 24), and the Court now rules.

**I.    INTRODUCTION**

Francois is a citizen of Trinidad and Tobago who seeks to become a naturalized citizen of the United States. (Doc. 1 at 3; Doc. 1-2 at 4). After the United States Citizenship and Immigration Services (USCIS) denied Francois' 2019 naturalization application on the basis that she had not established lawful permanent residency, Immigration and Customs Enforcement (ICE) re-initiated removal proceedings against Francois. (Doc. 1-2 at 3–4; Doc. 10-4 at 3). Francois appealed to this Court, seeking a de novo review of the USCIS's denial of her naturalization application. In its September 21, 2021, Order ("Order"), this Court issued a stay of this matter pending completion of ICE's removal proceedings. (Doc. 21). Francois now moves to alter or amend this Court's Order pursuant to Rule 59(e),

arguing that this Court erred in determining that the Immigration Judge can make factual findings during removal proceedings that bear on the merits of her naturalization application. (Doc. 22).

## II.     DISCUSSION

### A. Francois' Motion Is Properly Filed Under Federal Rule of Civil Procedure 59(e)

As a preliminary matter, the Court must determine whether Francois' Motion is procedurally proper. Francois brings her Motion pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) allows for "[a] motion to alter or amend a judgment . . . filed no later than 28 days after the entry of the judgment." The Government argues that this Court's Order staying the case pending removal proceedings is not a "judgment" within the meaning of Rule 59(e). Therefore, the Government contends that Francois' Rule 59(e) motion is not ripe. (Doc. 23 at 1–2).

The term "judgment" is defined as "any order from which an appeal lies." Fed. R. Civ. P. 54(a). "In other words, it is a final order or decision." *Orr v. Plumb*, 884 F.3d 923, 928 (9th Cir. 2018); *see also United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000) ("A 'judgment' is . . . in other words, a *final* order.") (emphasis in original); *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384 n.4 (1978) ("A 'judgment' for purposes of the Federal Rules of Civil Procedure would appear to be equivalent to a 'final decision' as that term is used in 28 U.S.C. § 1291.").

Typically, the staying of an action is not considered a final, appealable decision. *Silberkleit v. Kantrowitz*, 713 F.2d 433, 434 (9th Cir. 1983) (citations omitted). However, this rule is inapplicable to situations where the impact of the stay is such that the plaintiff is "effectively out of court." *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 9–10 (1983) (citation omitted) (holding that where parallel federal and state actions involved the "identical issue," "a stay of the federal suit pending resolution of the state suit meant that there would be no further litigation in the federal forum").

Here, Francois' parallel removal proceedings and naturalization appeal depend on

1   the "identical issue"—Francois' status as a lawful permanent resident. (Doc 10-3 at 12;

2   Doc. 22 at 2). If the Immigration Judge (IJ) determines that Francois is removable, her

3   naturalization appeal would effectively be moot and "there would be no further litigation

4   in the federal forum." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 10. Accordingly, Francois'

5   motion is properly filed under Rule 59(e).[1]

### B. Francois' Motion Fails Because This Court Did Not Commit Clear Error and Highly Unusual Circumstances Do Not Exist in This Case

8   Rule 59(e) was adopted to "mak[e] clear that the district court possesses the power

9   to rectify its own mistakes in the period immediately following the entry of judgment."

10  *Maxwell v. Sherman*, 2016 U.S. Dist. LEXIS 61852, at *3 (E.D. Cal. May 9, 2016) (quoting

11  *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982)). "Although Rule 59(e)

12  permits a district court to reconsider and amend a previous order, the rule offers an

13  'extraordinary remedy, to be used sparingly in the interests of finality and conservation of

14  judicial resources.'" *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)

15  (citation omitted). "[A] motion for reconsideration should not be granted, absent highly

16  unusual circumstances, unless the district court is presented with newly discovered

17  evidence, committed clear error, or if there is an intervening change in the controlling law."

18  *Id.* (quoting *389 Orange St. Partners*, 179 F.3d 656, 665 (9th Cir. 1999)).

19  Francois contends that this Court clearly erred when it determined that the IJ could

20  make factual findings about Francois' status in the country that bear on the merits of her

21  naturalization application. (Doc. 22 at 2; Doc 21 at 6). Francois elaborates on her position,

22  alleging that "[t]he only factual findings about [Francois'] status in the country that bear

23  on the merits of her naturalization application relate to former District Director Ruth Anne

24  Myers' Declaration and the approval notice bearing her stamped signature," and further

25  that "the [IJ] does not have jurisdiction to make any factual findings as to these two

---

[1] Because Francois could have also properly sought relief under Federal Rule of Civil Procedure 60(b), the Court considers the merits of Francois' argument regardless of this procedural determination. *See Camboni v. Brnovich*, No. CV-15-02538-PHX-JAT, 2016 WL 4592160, at *1 (D. Ariz. Sept. 2, 2016) ("[t]he Court must construe a motion to reconsider . . . based on the type of relief that is requested by the movant"; "[t]he rule under which a movant advances for relief is not determinative.") (citations omitted).

documents." (Doc. 22 at 2).

Francois provides no support for her position, nor is the Court aware of any supporting authority. The Court understands that the IJ does not have jurisdiction to review the discretionary grant or denial of adjustment by the USCIS. (Doc. 20 at 2; Doc. 21 at 6). However, under 8 U.S.C. § 1229a(b)(1), the IJ shall "receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses" to determine removability. (Doc. 20 at 2).

Here, Francois' removability as a nonimmigrant "overstay" hinges on whether she is a lawful permanent resident. Under § 1229a, the IJ has authority to receive and make factual findings to determine Francois' residency status. The IJ's lack of jurisdiction to review USCIS decisions does not shield the IJ from receiving and considering underlying evidence. The Ninth Circuit acknowledged this conclusion in a previous iteration of this case, stating that "under the specific facts of this case, the denial of Francois' adjustment application will not be ripe for judicial review until removal proceedings conclude before the agency." *Francois v. Johnson*, 667 Fed. Appx. 630, 631 (9th Cir. 2016). Further, even if the IJ lacks jurisdiction to make factual findings as to the two documents at issue, the IJ may make other factual determinations in the removal proceedings that could bear on this Court's *de novo* review of Francois' naturalization application. (Doc. 21 at 7 (citing *Dilone v. Nielsen*, 358 F. Supp. 3d 490, 503–04 (D. Md. 2019) (noting that factual findings in removal proceedings may impact applicant's burden to establish the "good moral character" requirement for naturalization))). Therefore, the Court finds that it did not clearly err in staying Francois' appeal.

Additionally, in her reply brief, Francois alleges that "highly unusual circumstances exist" to warrant the Court's reconsideration of its Order. (Doc. 24 at 1). But Francois does not provide any substantive support for this argument. Instead, Francois simply recites the facts of the case with a focus on the history of the two documents at issue, providing no reasoning as to why the circumstances alleged are highly unusual. (Doc. 24 at 2–3). The Court finds that the circumstances of this case—specifically a dispute over the validity of

pivotal documents—is not highly unusual.

### III.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Alter or Amend the Court's Order (Doc. 22) is **DENIED.**

Dated this 22nd day of February, 2022.

James A. Teilborg
Senior United States District Judge