**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sabina Carol Francois,<br><br>　　　　　Petitioner,<br><br>v.<br><br>United States Citizenship and Immigration Services, et al.,<br><br>　　　　　Respondents. | No. CV-21-00071-PHX-JAT<br><br>**ORDER** |

　　　　Pending before the Court is Plaintiff's Motion to Reopen Case and Lift Stay. (Doc. 33). Defendant has responded, (Doc. 34), and Plaintiff has replied, (Doc. 35). The Court now rules.

　　　　In her motion, Plaintiff requests the Court reopen her naturalization application proceedings in this Court because Plaintiff's removal proceedings were administratively closed on November 27, 2023. (Doc. 33 at 2). Defendant opposes this motion, arguing that the immigration judge in Plaintiff's removal proceedings only closed the case administratively because the parties did not have the documents needed to proceed on the merits of Plaintiff's case. (Doc. 34 at 3). Defendant goes on to state that it received the documents needed to proceed and moved to recalendar removal proceedings. (*Id.*) Defendant has since informed the Court that removal proceedings have been reopened and are no longer administratively closed. (Doc. 36).

　　　　The Court has previously explained:
　　　　Under Ninth Circuit precedent this Court has "jurisdiction pursuant to 1421(c) to review [USCIS's] denial of [Plaintiff's] application for

> naturalization whether or not a removal proceeding is pending, but that review is limited to 'such' denial." *Bellajaro*, 378 F.3d at 1047. But to decide on the validity of Francois' application would effectively end her removal proceedings. *See, e.g.*, *Omo v. Barrett*, No. C 11-04975 CRB, 2012 U.S. Dist. LEXIS 20921 (N.D. Cal. Feb. 17, 2012) (declining to proceed with the case because a finding on their part would directly affect the removal proceedings). Such a result is "contrary to congressional intent to end the race between two processes." *Gardener*, 2019 U.S. Dist. LEXIS 32866, at *15–16. As the Seventh Circuit explained, "[t]he existence of overlapping proceedings does not diminish a district court's power but does present a question on which the judge should exercise sound discretion." *Klene v. Napolitano*, 697 F.3d 666, 669 (7th Cir. 2012). As a result, the Court finds the prudent course of action is to stay this case pending the outcome of removal proceedings. *Adesida*, 2021 U.S. Dist. Lexis 79436, at *10.

(Doc. 21 at 7). As before, the Court will continue to stay this case pending the outcome of removal proceedings.

In light of the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Reopen Case and Lift Stay, (Doc. 33), is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court will **STRIKE** the Declaration of Bill Ong Hing, (Doc. 37), because it is procedurally improper.

Dated this 15th day of March, 2024.

James A. Teilborg
Senior United States District Judge