**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sabina Carol Francois, | No. CV-21-00071-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| United States Citizenship and Immigration Services, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Motion to Reopen Case and Lift Stay. (Doc. 39). Petitioner argued that the immigration judge (Judge Cottor) closed Petitioner's immigration proceeding specifically to allow this case to proceed. (*Id.* (quoting Judge Cottor's April 18, 2024 order (Doc. 39 at 5)). Respondents did not timely respond to the motion.

However, Respondents did thereafter file a status report indicating that Judge Cottor had reopened the immigration proceedings for adjudication. (Doc. 40). Judge Cottor's June 4, 2024 order (Doc. 40-1) makes no reference to her April 18, 2024 Order.

Petitioner then filed a status report in response to Respondents' status report. (Doc. 41). Petitioner indicates in her status report that she has moved Judge Cottor to reconsider her June 4, 2024 order reopening Petitioner's immigration proceedings. (Doc. 41-4). Petitioner urges Judge Cottor to follow her April 18, 2024 order and allow this case to proceed first.

This Court has previously explained:

Under Ninth Circuit precedent this Court has "jurisdiction pursuant to 1421(c) to review [USCIS's] denial of [Plaintiff's] application for naturalization whether or not a removal proceeding is pending, but that review is limited to 'such' denial." *Bellajaro*, 378 F.3d at 1047. But to decide on the validity of Francois' application would effectively end her removal proceedings. *See, e.g.*, *Omo v. Barrett*, No. C 11-04975 CRB, 2012 U.S. Dist. LEXIS 20921 (N.D. Cal. Feb. 17, 2012) (declining to proceed with the case because a finding on their part would directly affect the removal proceedings). Such a result is "contrary to congressional intent to end the race between two processes." *Gardener*, 2019 U.S. Dist. LEXIS 32866, at *15–16. As the Seventh Circuit explained, "[t]he existence of overlapping proceedings does not diminish a district court's power but does present a question on which the judge should exercise sound discretion." *Klene v. Napolitano*, 697 F.3d 666, 669 (7th Cir. 2012). As a result, the Court finds the prudent course of action is to stay this case pending the outcome of removal proceedings. *Adesida*, 2021 U.S. Dist. Lexis 79436, at *10.

(Doc. 21 at 7). Because Petitioner's removal proceedings are currently open for adjudication, this Court will continue to stay this case pending the outcome of removal proceedings.

Thus,

**IT IS ORDERED** that Petitioner's Motion to Reopen Case and Lift Stay, (Doc. 39), is **DENIED** without prejudice.

Dated this 25th day of June, 2024.

James A. Teilborg
Senior United States District Judge

- 2 -