**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sabina Carol Francois, | No. CV-21-00071-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| United States Citizenship and Immigration Services, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Motion for Reconsideration (Doc. 57) of the Court's March 5, 2026 Order (Doc. 56). The Court now rules.

## I.    BACKGROUND

This Court's September 21, 2021 Order staying the matter (Doc. 21) required the parties to move to reopen this case and lift the stay upon the conclusion of Petitioner's removal proceedings. On October 19, 2021, Petitioner filed a Motion to Alter or Amend (Doc. 22) under Federal Rule of Civil Procedure 59(e), which the Court denied (Doc. 25). Petitioner did not appeal the Court's Order staying the case (Doc. 21).

After the Immigration Judge issued a removal order, Petitioner appealed to the BIA. (Doc. 48). This Court ruled that the Immigration Judge's order is not final until the appeal concludes. (Doc. 51).

Before the resolution of the BIA appeal, Petitioner filed a Motion to Lift Stay (Doc. 54), arguing that even though her removal proceeding had not concluded, the Court should lift the stay prior to the conclusion of Petitioner's removal proceedings despite the Court's

September 21, 2021 Order (Doc. 21). Petitioner argued that "[t]he four cases cited by this Court in support of staying this matter [in Doc. 21] are inapposite." (Doc. 54 at 1). Petitioner urged the Court to instead follow *Sanga v. Barr*, 706 F. Supp. 3d 803 (S.D. Iowa 2020). (Doc. 54 at 2–3).

The Court's March 5, 2026 Order (Doc. 56) denied Petitioner's motion as untimely regardless of whether it was construed as a motion for reconsideration under LRCiv 7.2(g), a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e), or a motion for relief from a final judgment under Fed. R. Civ. P. 60(c)(1). (Doc. 56 at 1–2). On March 19, 2026, Petitioner filed a motion for reconsideration under LRCiv 7.2 (Doc. 57).

## II.    LEGAL STANDARD

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through—rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. See *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

### III.    DISCUSSION

Petitioner seemingly acknowledges that her Motion to Lift Stay (Doc. 54) was properly considered as a motion for reconsideration. (Doc. 57 at 1–2). Petitioner recognizes that "motions for reconsideration should not be used to ask a court to rethink what the court had already thought through," but argues that the "Motion to Lift the Stay presented new arguments for the Court's consideration and therefore did not ask the Court to revisit issues on the same grounds it had already decided." (Doc. 57 at 2). Petitioner asserts that her reference to *Sanga* "presented a new argument to this Court to consider." (Doc. 57 at 2).

To the extent Petitioner argues her Motion to Lift Stay (Doc. 54) was not a motion for reconsideration, the Court disagrees. The Court's September 21, 2021 Order (Doc. 21) concluded that this matter would be stayed pending the completion of the removal proceedings, and that either party could move to reopen the proceedings before this Court at the conclusion of removal proceedings. (Doc. 21 at 7–8). Asking the Court to lift the stay prior to the completion of the removal proceedings and challenging the reasoning in the Court's September 21, 2021 Order (Doc. 21) is undisputably asking the Court to reconsider its decision in that Order.

The Court's March 5, 2026 Order (Doc. 56) denied Petitioner's Motion to Lift Stay (Doc. 54) as untimely under any of the applicable rules because Petitioner was asking the Court to address its decision from September 2021—over four years ago. (Doc. 56 at 2). At no point does Petitioner's Motion for Reconsideration (Doc. 57) even mention timeliness. For that reason, Petitioner's Motion for Reconsideration (Doc. 57) is denied.

Moreover, in addition to the untimeliness of Petitioner's request, Petitioner has not presented a sufficient basis for reconsideration of the September 21, 2021 Order. Petitioner's Motion to Lift Stay argues that the "four cases cited by this Court in support of staying this matter are inapposite" and "urge[d] this Court to follow the reasoning in *Sanga v. Barr*" instead. (Doc. 54 at 1–2). Petitioner's Motion for Reconsideration asserts that this is not an attempt "to reargue the Court's prior decision but instead present[s] new legal authority and arguments not previously raised" because the Court's September 21,

2021 Order did not consider *Sanga*. (Doc. 57 at 1).

As the Ninth Circuit Court of Appeals has made clear, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). *Sanga* was published on November 24, 2020. Petitioner's Brief opposing stay (Doc. 20) was filed on August 18, 2021. Petitioner could have reasonably raised her arguments regarding *Sanga* in her Brief opposing stay (Doc. 20) or in her subsequent Motion to Amend the Court's September 21, 2021 Order (Doc. 22).

As previously mentioned, a motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County*, 5 F.3d at 1263. Petitioner did not present newly discovered evidence, and *Sanga* is neither intervening nor controlling. Thus reconsideration of the Court's September 21, 2021 decision is only appropriate if the decision was in clear error or manifestly unjust.

"Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[I]t is a clear error of law to not apply controlling . . . precedent." *Id. Sanga* is a case out of the District Court for the Southern District of Iowa and is not controlling precedent. The failure to consider *Sanga* is not clear error.

"The courts of the Ninth Circuit generally treat manifest injustice as very nearly synonymous with clear error, defining manifest injustice as any error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary." *Nealy v. Shinn*, No. CV-20-1123-PHX-DLR (JFM), 2021 WL 12143042, at *2 (D. Ariz. Nov. 24, 2021) (cleaned up); *see also Manifest Injustice*, Black's Law Dictionary (12th ed. 2024) (defining "manifest injustice" as "[a] direct, obvious, and observable error in a trial

- 4 -

court"). The decision to stay a case pending the resolution of the removal proceedings is not manifestly unjust. As the Court explained in its September 21, 2021 Order, "[t]he existence of overlapping proceedings does not diminish a district court's power but does present a question on which the judge should exercise sound discretion." (Doc. 21 at 7) (quoting *Klene v. Napolitano*, 697 F.3d 666, 668–69 (7th Cir. 2012)). In determining whether to stay the case pending removal proceedings or attempt to resolve the dispute through a declaratory judgment, the court in *Sanga*, "[i]n the absence of guiding authority from the Eighth Circuit," chose what it thought was the best approach "under the circumstances of [the] case." *Sanga*, 706 F. Supp. 3d at 819. That is precisely what this Court did in its September 21, 2021 Order—exercise the Court's discretion in deciding that the prudent course of action under the circumstances of this case was to stay the case pending the outcome of the removal proceedings.

Therefore, even if the Court overlooked the untimeliness of Petitioner's motion for reconsideration labeled as a Motion to Lift Stay (Doc. 54), Petitioner's motion failed to present a sufficient basis for reconsideration and would have been denied on the merits.

### IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration (Doc. 57) is **denied**.

Dated this 10th day of April, 2026.

James A. Teilborg
Senior United States District Judge